# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

JAMES SUDBERRY,  
    Plaintiff

Case No. 1:10-cv-102  
Dlott, J.

vs

WARDEN JACKSON, et al.,  
    Defendants

**ORDER**

Plaintiff James Sudberry is an inmate at the Warren Correctional Institution (WCI) in Lebanon, Ohio and a frequent filer in this Court. Mr. Sudberry has recently submitted numerous documents to the Clerk of Court, the majority of which are illegible. Some of the documents, including several pro se complaint forms, bear the numbers of his previously dismissed cases. *See Sudberry v. Chapman*, Case No. 1:08-cv-210 (S.D. Ohio July 10, 2008); *Sudberry v. ODRC*, Case No. 1:08-cv-211 (S.D. Ohio May 21, 2008); *Sudberry v. Ohio Dept. of Rehabilitation and Correction,* Case No. 1:05-cv-629 (S.D. Ohio Dec. 16, 2005). Mr. Sudberry may not resurrect these cases by filing new complaints bearing the old case numbers.

Two of the form complaints submitted by Mr. Sudberry appear to be new actions. (Doc. 1). In the first, Mr. Sudberry alleges he was subjected to unwarranted disciplinary charges for allegedly ejaculating into a kite (a form of prisoner correspondence) sent to his female unit manager and threatening her life. (Doc. 1). He states that as a result of the discipline, he was place in Local Control segregation for 48 days. He also alleges that in September 2009, he was subjected to unwarranted verbal sexual advances by a corrections officer. Mr. Sudberry states that on one occasion while he was being handcuffed by the officer, the officer placed his legs between Sudberry's legs "in a sexual manner." The allegations contained in the second form

complaint are illegible. (Doc. 1)

Mr. Sudberry has failed to submit the $350.00 filing fee or a motion to proceed *in forma pauperis* under 28 U.S.C. § 1915(a)(2). The Court will not enter a deficiency order in this regard, however, because Mr. Sudberry is not entitled to proceed with this matter *in forma pauperis* in any event in view of his history of frivolous litigation. He has been banned from proceeding *in forma pauperis* in the federal courts under the Prison Litigation Reform Act, 28 U.S.C. § 1915(g), because he has had more than three actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Sudberry v. Ohio Dept. of Rehabilitation and Correction,* Case No. 1:05-cv-629 (S.D. Ohio Dec. 16, 2005) (Doc. 6) (dismissed for failure to state a claim for relief); *Sudberry v. Rome,* Case No. 1:07-cv-597 (S.D. Ohio Sept. 20, 2007) (Doc. 6) (dismissed as frivolous and for failure to state a claim for relief); *Sudberry v. Ohio Dept. of Rehabilitation and Correction*, Case No. 1:08-cv-211 (S.D. Ohio May 21, 2008) (Doc. 7) (dismissed as frivolous and for failure to state a claim for relief).

Mr. Sudberry has not alleged any facts showing he "is under imminent danger of serious physical injury" to warrant an exception to the three strike rule allowing him to proceed *in forma pauperis* in this case. *See* 28 U.S.C. § 1915(g). There is no indication that Mr. Sudberry is under any immediate or impending serious physical injury as a result of the alleged unwarranted disciplinary action against him or the September 2009 sexual advances. Since Mr. Sudberry has failed to allege particular facts showing "imminent danger of serious physical injury," he may not proceed *in forma pauperis* in this case. Mr. Sudberry is hereby assessed the full filing fee of $350.00. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). *See also In re Alea*, 286 F.3d 378, 382 (6th Cir.), *cert. denied*, 537 U.S. 895 (2002).

In addition, the Court finds Mr. Sudberry's complaint must be sua sponte dismissed as frivolous or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A. Mr. Sudberry's complaint fails to state a claim for relief under the Due Process Clause with respect to the alleged unwarranted disciplinary action. Mr. Sudberry does not have a protected liberty interest in remaining free from disciplinary segregation because he fails to allege facts showing he suffered an atypical and significant deprivation in relation to the ordinary incidents of prison life. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995). *See also Jones v. Baker*, 155 F.3d 810, 812 (6th Cir. 1998); *Mackey v. Dyke*, 111 F.3d 460 (6th Cir. 1997), *cert. denied*, 118 S.Ct. 136 (1997); *Rimmer-Bey v. Brown*, 62 F.3d 789 (6th Cir. 1995). Mr. Sudberry's allegations that a corrections officer made offensive sexual remarks and on one occasion touched Mr. Sudberry in a manner that Mr. Sudberry perceived to be sexual are not sufficiently serious to rise to the level of a constitutional violation. *See Jackson v. Madery*, 158 Fed. Appx. 656, 661 (6th Cir. 2005) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and failed to meet Eighth Amendment standards); *Violett v. Reynolds*, 76 Fed. Appx. 24, 26 (6th Cir. 2003) (offering sexual favors to inmate, while reprehensible, fails to state claim for relief); *Johnson v. Ward*, No. 99-1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (prisoner's claim that corrections officer placed his hand on prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet objective component of Eighth Amendment). The remainder of Mr. Sudberry's allegations are illegible and therefore the Court is unable to discern any claim for relief based on these allegations. There is no logical construction of Mr. Sudberry's complaint from which the Court can divine a viable claim against the defendants over which the

Court might have jurisdiction.

Accordingly, the Court concludes that Mr. Sudberry's complaint is subject to dismissal as frivolous, or alternatively, on the ground that the complaint fails to state a claim upon which relief may be granted. The complaint is hereby **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

S/Susan J. Dlott
Susan J. Dlott, Chief Judge
United States District Court